UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TORI R.,<br>a/k/a TORI A.,[1] | 5:20-CV-05052-DW |
| Plaintiff, | REDACTED<br>ORDER |
| vs. | |
| KILOLO KIJAKAZI, ACTING<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, | |
| Defendant. | |

**INTRODUCTION**

On August 24, 2020, claimant Tori R., a/k/a Tori A. filed a complaint

appealing the final decision of Andrew Saul[2], the acting Commissioner of the

Social Security Administration, finding her not disabled. (Doc. 1). Defendant

initially denied that claimant is entitled to benefits. (Doc. 9). The court issued

a briefing schedule requiring the parties to file a joint statement of materials

facts ("JSMF"). (Doc. 11). Defendant filed a motion for remand for further

---

[1] The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

[2] Dr. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), Dr. Kijakazi is automatically substituted for Andrew Saul as the defendant in all pending social security cases. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

administrative proceedings.  (Doc. 26).  Plaintiff opposes the motion and filed her own motion seeking to reverse the decision of the Commissioner and requesting an award of benefits.  (Docs. 23, 28).

For the reasons stated below, Ms. R.'s motion to reverse the decision of the Commissioner (Doc. 23) is granted in part and denied in part; and Defendant's motion to remand (Doc. 26) is granted.

## FACTS AND PROCEDURAL HISTORY

The parties' JSMF (Doc. 18) is incorporated by reference.  Further recitation of the salient facts is incorporated in the discussion section of this order.

On July 18, 2017, Ms. R. filed an application for Social Security disability benefits alleging an onset of disability date of December 20, 2016.  (AR at p. 11).[3]  The claim was initially denied on November 27, 2017, and denied upon reconsideration on March 2, 2018.  (AR at p. 11).  Ms. R. requested an administrative hearing on May 1, 2018, and one was held on June 5, 2019, but due to a scheduling error a vocational expert was not present, so a supplemental hearing was subsequently held on July 12, 2019, with a vocational expert present.  (AR at p. 11).  On October 17, 2019, the ALJ issued a written decision denying benefits.  (AR at pp. 8-24).  Ms. R. subsequently sought appellate review; her request was denied, making the

---

[3] The court will cite to information in the administrative record as "AR at p. ___."

decision of the ALJ final.  (AR at p. 1).  It is from this decision that Ms. R.
timely appeals.

## DISCUSSION

The parties agree that the ALJ's decision is not free from reversible error
but disagree as to the appropriate remedy.  (Docs. 28, 29).  Ms. R. requests the
court "review the matter substantively and issue a decision reversing the
Commissioner's denial of benefits and remand with instructions to grant
benefits."  (Doc. 28).  The Commissioner argues that "due to unresolved
ambiguities and inconsistencies in the evidence regarding the functional
abilities [Ms. R.] could sustain, this Court should remand the case to the
agency for further proceedings pursuant to sentence four of 42 U.S.C. §
405(g)."  (Doc. 29).

Under sentence four of 42 U.S.C. § 405(g), the court has the power "to
enter, upon the pleadings and transcript of the record, a judgment affirming,
modifying, or reversing the decision of the Commissioner of Social Security,
with or without remanding the cause for a rehearing."  However, the court
cannot simply enter a summary order remanding the case under sentence four;
the court must issue a substantive ruling.  Brown v. Barnhart, 282 F.3d 580,
581 (8th Cir. 2002).

Here, after reviewing the administrative record in Ms. R.'s case, the
Commissioner concedes further administrative action is warranted.  (Doc. 26).
The Commissioner informs the court that, on remand, "the Commissioner will
consider [Ms. R.'s] residual functional capacity [RFC], in terms of what she is

capable of performing on a sustained, regular, and continuing basis." (Doc. 27).

Because of the specific nature of the Commissioner's motion for remand, the court limits its analysis to the RFC. The ALJ concluded Ms. R.'s RFC permitted her:

> to perform sedentary work . . . except [Ms. R.] can occasionally climb ramps or stairs. She can never climb ladders, ropes or scaffolds. [She] is limited to a work environment that has no more than a moderate noise level . . . . [She] must avoid all exposure to vibrating tools and surfaces. She can occasionally be exposed to fumes, odors, dusts, gases and other pulmonary irritants. She must avoid all exposure to unguarded moving mechanical parts, unprotected heights, and flashing or strobe lights. [She] is limited to work that consists of no more than simple, routine tasks.

(AR. at pp. 17-23).

Ms. R. asserts that the ALJ found her migraines and mild cerebral palsy to be severe but did not include any limitations in the RFC. (Doc. 23). There are some limitations the ALJ incorporated into Ms. R.'s RFC that can be linked to her migraines and cerebral palsy, i.e. that she is limited to "no more than moderate noise level," "must avoid all exposure to vibrating tools and surfaces," "must avoid … unguarded moving mechanical parts, unprotected heights, and flashing or strobe lights," and that she is limited to "simple, routine tasks." (AR at p. 17). This correlates with Ms. R.'s medical records in which her complaints focused on pain, difficulties concentrating and focusing from the migraines, and some difficulty with balance from cerebral palsy. However, the ALJ failed to consider what Ms. R. is capable of performing on a sustained basis despite limitations from her impairments. 20 CFR § 404.1545(a)(1).

"[T]o find that a claimant has the [RFC] to perform a certain type of work, the claimant must have the ability to perform the requisite acts day in and day out, sometimes competitive and stressful conditions in which real people work in the real world." Reed v. Barnhart, 399 F.3d 917, 923 (8th Cir. 2005); SSR 96-8p, 1996 WL 374184.  ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" meaning "8 hours a day, for 5 days a week, or an equivalent work schedule.").

The current state of the record does not supply substantial evidence to support the ALJ's physical RFC conclusions that Ms. R. can perform full-time sedentary work.  "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." Goff v. Barnhart, 421 F.3d 785, 793 (8th Cir. 2005) (citations and internal quotation marks omitted).  This matter is remanded to the Commissioner to reassess Ms. R.'s RFC consistent with this opinion.

Ms. R. asks the court to award her immediate benefits.  (Docs. 23, 28). Remand with instructions to award benefits is appropriate "only if the record overwhelmingly supports such a finding." Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000).  In the face of a finding of an improper denial of benefits, but the absence of overwhelming evidence to support a disability finding by the Court, out of proper deference to the ALJ, the proper course is to remand for

further administrative findings.  Id.; Cox v. Apfel, 160 F.3d 1203, 1210 (8th

Cir. 1998).

　　　Ms. R. cites Cumella v. Colvin, in support of her request to award

immediate benefits.  936 F.Supp.2d 1120 (D.S.D. Mar. 2013) (Doc. 23).

However, this case is different from Cumella in that the record does not

overwhelmingly support a disability finding.  Here, conflicting evidence exists.

There is evidence in the record that both supports and detracts from Ms. R.'s

allegation that she is unable to work a full-time job.  For example, the ALJ had

concerns about Ms. R.'s activities of daily living, stating that they "appear to

require more physical and mental abilities than she claims she possesses."

(AR. at p. 20).  Such activities noted by the ALJ include hiking, skiing, and

running.  (AR. at p. 20).  Ms. R. has attempted to explain why the ALJ should

not rely on such activities, but the record remains conflicted.  Nevertheless,

further proceedings are warranted as to how these activities impact Ms. R.'s

ability to work full-time.  In addition, the record further notes that even though

Ms. R. has altered some of her activities and is working part-time, medical

records suggest possible worsening of Ms. R.'s migraines.  (AR. at pp. 85, 93,

133-34, 999, 1002, 1005, 1009).  Further analysis is appropriate to determine

the possible worsening of Ms. R.'s migraines and how that impacts her ability

to work full-time.

　　　An immediate award of benefits is not appropriate at this juncture.

Because conflicting medical evidence exists, the appropriate remedy is to

remand for further proceedings to afford the ALJ the opportunity to properly

consider the weight to be given the medical evidence.  Reed, 399 F.3d at 924;

Chitwood v. Bowen, 788 F.2d 1376, 1378 (8th Cir. 1986) (case remanded so

ALJ could give appropriate weight to the medical evidence and determine

applicant's RFC).

Pursuant to Brown, this court does not enter a summary order, but

rather a substantive ruling reversing the decision of the Commissioner and

remanding the case for further administrative proceedings consistent with this

opinion.  282 F.3d at 581; Allen v. Astrue, No. CIV. 08-5034-KES, 2009 WL

44207, at *1 (D.S.D. Jan. 6, 2009); Rathke v. Colvin, No. CIV 13-5076-JLV,

2015 WL 5177890, at *9 (D.S.D. Sept. 4, 2015).

The court finds the Commissioner must reassess Ms. R.'s RFC.  As such,

the court finds the ALJ's decision dated October 17, 2019, that Ms. R. was not

disabled is not supported by substantial evidence.  42 U.S.C. § 405(g); Choate

v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006) ("Substantial evidence is

evidence that a reasonable mind would find adequate to support the decision of

the Commissioner.").  As a result, the court finds the matter must be remanded

for further administrative proceedings in accord with this decision.

In light of the court's determination that remand is necessary, the court

reserves ruling on any issues raised in Ms. R.'s motion to reverse the decision

of the Commissioner that were not considered in this opinion.  (Doc. 23).

Specifically, the court reserves ruling on (1) whether Ms. R.'s credibility should

have been rejected; (2) whether the credibility of third-party statements from

Shelly A., Janette M., Jan D., and Sandra M. should have been rejected; and

(3) whether the ALJ's hypothetical questions to the vocational expert and the responses to the same constitute substantial evidence supporting the denial. (Doc. 23).

## ORDER

Based on the above analysis, it is hereby

ORDERED that Ms. R.'s motion to reverse the decision of the Commissioner (Doc. 23) is granted in part and denied in part; and it is further

ORDERED that Defendant's motion to remand (Doc. 26) is granted; and it is further;

ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with this order.

DATED this 30th day of March, 2022.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

8